**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 98-4827

DANA LEONARD FISHER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CR-98-67)

Submitted: July 27, 1999

Decided: August 12, 1999

Before MURNAGHAN, ERVIN, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jennifer T. Stanton, J. T. STANTON, P.C., Norfolk, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Laura M. Ever-
hart, Assistant United States Attorney, Norfolk, Virginia, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Dana Leonard Fisher was convicted by a jury of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). He was sentenced to 211 months imprisonment. He appeals his conviction.

Fisher argues that the evidence was insufficient to support the conviction. We disagree. The totality of the circumstances surrounding Fisher's arrest, his nervous demeanor at the arrest scene, and his lies to the arresting trooper provide sufficient evidence for a rational trier of fact to have found, beyond a reasonable doubt, the essential elements of the crime. See United States v. Brewer , 1 F.3d 1430, 1437 (4th Cir. 1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942).

Fisher also contends that the court erred in admitting the arresting trooper's trial testimony that Fisher said the car he had been driving belonged to his uncle. Fisher argues that the statement had not been disclosed by the Government prior to trial, and maintains that the non-disclosure violated Federal Rule of Criminal Procedure 16 and the district court's discovery order. Because the challenged statement was offered in response to a standard request for motor vehicle information that is analogous to a routine booking question, we find that it was not made in response to interrogation. See United States v. D'Anjou, 16 F.3d 604, 608-09 (4th Cir. 1994). Therefore, the statement fell outside the purview of Rule 16 and the discovery order, and was properly admitted. See Fed. R. Crim. P. 16(a)(1)(A).

Accordingly, we affirm Fisher's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED